# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAYMOND ANDREWS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00240-AWI-SMS-P<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EIGHTH AMENDMENT MEDICAL CARE CLAIMS<br><br>(Doc. 1) |

I.  Screening Order

　　A.  Screening Requirement

Plaintiff John Anthony Hernandez ("plaintiff") is proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on February 18, 2005, and alleges that defendants Raymond Andrews, Marth Spaeth, Janet Jowitt, and Sandra Murch, all of whom are or were employed at Taft Correctional Institution, violated plaintiff's constitutional rights during the time plaintiff was incarcerated at TCI.

28 U.S.C. § 1915(e)(2)(B)(ii), which governs proceedings in forma pauperis, provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted . . . ." A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can

prove no set of facts in support of the claim or claims that would entitle him to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), <u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> <u>also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

  B. <u>Plaintiff's Claims</u>

    1. <u>Eighth Amendment Medical Care Claims</u>

  Plaintiff alleges that defendants delayed and denied treatment for his kidney condition, which caused plaintiff to suffer extreme pain and a worsening of his kidney problems. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. <u>McGuckin</u>, 974 F.2d at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

///

Plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Andrews, Spaeth, Jowitt, and Murch for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

### 2. Eighth Amendment Claim Based on Inadequate Clothing

Although plaintiff does not specifically plead an Eighth Amendment claim for relief based on the confiscation of his jacket during the winter, to the extent that plaintiff is attempting to purse such a claim, it fails. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

After plaintiff's jacket was confiscated, he went two weeks before being issued another jacket. Plaintiff alleges that it was cold and rainy, and he was required to walk outdoors when he went to work or school. Plaintiff further alleges that activities such as walking the track for exercise were eliminated by not having a jacket. These allegations simply do not support an Eighth Amendment violation, as the deprivation complained of, which was limited to two weeks, was not an extreme one within the meaning of Eighth Amendment jurisprudence.

### 3. Retaliation Claims

Although plaintiff does not specifically plead a retaliation claim, plaintiff alleges in his complaint twelve retaliatory incidents. (Comp., p. 31-32.) "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that [an actor]

3

took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff's allegations fall short of stating cognizable retaliation claims. Plaintiff has not alleged any facts supporting a claim that he was retaliated against for protected conduct, that the actions did not advance legitimate penological goals, or that his rights were chilled. Further, with the exception of the conclusory allegation that defendant Andrews gave an order, plaintiff has not alleged any facts linking any of the named defendants to the actions or omissions complained of.

      C.     Conclusion

The court finds that plaintiff's complaint contains a cognizable claim for relief against defendants Andrews, Spaeth, Jowitt, and Murch for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendants Andrews, Spaeth, Jowitt, and Murch on his Eighth Amendment medical claim only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims be dismissed from this action, and will forward plaintiff four summonses and four USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Andrews, Spaeth, Jowitt, and Murch.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a Bivens complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the court in this order, or
    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants on his Eighth Amendment medical care claim; and
3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   September 20, 2005               /s/ Sandra M. Snyder**
icido3                                              UNITED STATES MAGISTRATE JUDGE